UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARIE ISSA, Plaintiff | ) | C.A. No. 05-0018/S |
| v. | ) | |
| SMA LIFE ASSURANCE CO., Defendant | ) | |

**ANSWER OF THE DEFENDANT ALLMERICA FINANCIAL LIFE & ANNUITY COMPANY**

The Allmerica Financial Life & Annuity Company (incorrectly named in the complaint as "SMA Life Assurance Company" ) responds to the allegations of plaintiff's complaint as follows:

**FIRST DEFENSE**

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Answering the allegations of paragraph 2 alleges that the defendant Allmerica Financial Life & Annuity Company is incorporated in the Commonwealth of Massachusetts and maintains a principal place of business in Worcester, Massachusetts; except as so alleged, denies the remaining allegations of that paragraph.

3. Answering the allegations of paragraphs 3 and 10, alleges that SMA Life Assurance Company issued disability income policy # S060831000 (the "Policy") to plaintiff on June 14, 1989; except as so alleged, denies the remaining allegations of those paragraphs.

4. Answering the allegations of paragraph 4, alleges that the Policy provides a monthly benefit of $3080, has a 60 day elimination period and otherwise speaks for itself; except as so alleged, denies the remaining allegations of that paragraph.

(9)

5. Answering the allegations of paragraph 5, alleges that the Policy may provide benefits potentially to age 65 and otherwise speaks for itself; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 6, alleges that plaintiff established that she was disabled and entitled to benefits for periods of time in 1995 and 1997; except as so alleged, denies the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 7, alleges that plaintiff applied for disability benefits under the Policy and, except for certain periods of time in 1995 and 1997, benefits have been denied in accordance with the terms and conditions of the Policy; except as so alleged, denies the remaining allegations of that paragraph.

8. Denies paragraphs 8 and 13.

9. Repeats and realleges the responses to paragraphs 1-8 of Count I in response to paragraph 9 of Count II.

10. Admits paragraph 11.

11. Answering the allegations of paragraph 12, alleges that while plaintiff has provided medical information to defendant, she has failed to demonstrate her entitlement to ongoing disability benefits except for periods in 1995 and 1997; except as so alleged, denies the remaining allegations of that paragraph.

**SECOND DEFENSE**

12. Plaintiff has failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

13. Plaintiff has failed to demonstrate that she has satisfied the terms and conditions of the Policy for the payment of additional disability benefits.

**FOURTH DEFENSE**

14. The statute of limitations bars plaintiff's claim.

**FIFTH DEFENSE**

15. Plaintiff's claims may be subject to and preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA").

**SIXTH DEFENSE**

16. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**SEVENTH DEFENSE**

17. Plaintiff failed to give timely notice of her claim.

WHEREFORE, defendant Allmerica Financial Life & Annuity Company demands judgment dismissing the complaint with prejudice, an award of its fees and costs and such further relief as the court may deem appropriate.

Brooks R. Magratten, Esq., #3585
VETTER & WHITE
Attorneys for Defendant Allmerica
Financial Life Insurance & Annuity Co.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: February 9, 2005

## CERTIFICATE OF SERVICE

To:

Jeffrey S. Perlow, Esq.
Moretti & Perlow Law Offices
1070 Reservoir Avenue
Cranston, Rhode Island 02910

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Answer of The Defendant Allmerica Financial Life & Annuity Company by mailing first class mail, postage prepaid, on the 9th day of February, 2005.

Melanie Gosetto