UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARIE ISSA, Plaintiff | ) | C.A. No. 05-0018/S |
| v. | ) | |
| SMA LIFE ASSURANCE CO., Defendant | ) | |

**DEFENDANT'S MOTION TO SEVER AND STAY DISCOVERY**

Defendant Allmerica Financial Life Insurance & Annuity Company (incorrectly named in the complaint as "SMA Life Assurance Co.") moves pursuant to Fed. R. Civ. P. 42(b) to sever plaintiff Marie Issa's count for bad faith refusal to pay an insurance claim from all other counts in this case and to stay discovery with respect to the bad faith claim until all other claims against Allmerica have been resolved.

Allmerica files herewith a supporting memorandum.

Brooks R. Magratten, Esq., #3585
VETTER & WHITE
Attorneys for Defendant Allmerica
Financial Life Insurance & Annuity Co.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: March 16 , 2005

6

CERTIFICATE OF SERVICE

To:

Jeffrey S. Perlow, Esq.
Moretti & Perlow Law Offices
1070 Reservoir Avenue
Cranston, Rhode Island 02910

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant's Motion to Sever and Stay by mailing first class mail, postage prepaid, on the 16th day of March, 2005.

Melaine Loretto

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARIE ISSA, Plaintiff | ) | C.A. No. 05-0018/S |
| | ) | |
| v. | ) | |
| | ) | |
| SMA LIFE ASSURANCE CO., Defendant | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO SEVER AND STAY DISCOVERY**

Plaintiff Marie Issa filed the instant action against Allmerica Financial Life Insurance & Annuity Co. ("Allmerica"),[1] asserting one count for breach of contract and one count for supposed bad faith refusal to pay plaintiff's disability insurance claim. Allmerica moves pursuant to Fed. R. Civ. P. 42(b) to sever plaintiff's bad faith claim from the remaining contract claim and to stay discovery with respect to the bad faith claim until the contract claim is resolved.

Pursuant to Rule 42(b), this Court has discretion to order separate trials of particular claims "in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy." This Court recently recognized that the general practice in this jurisdiction is to sever bad faith claims and to stay discovery with respect to such claims until the underlying insurance claims are resolved. See Rudman v. Life Insurance Company of North America, No. 04-247 (D. R.I. Jan. 21, 2005) (Transcript at 17, attached as Exhibit A). See also, Agrawal v. Paul Revere Life Ins. Co., 182 F. Supp. 2d 788, 791 (N.D. Iowa 2001); Miles v. State Farm Mutual Auto Ins. Co., 27 F. Supp. 2d 1246, 1247 (D. Nev. 1998); American National Red Cross v. Travelers Indemnity Co. of Rhode Island, 924 F. Supp.

[1] In her complaint, plaintiff incorrectly named Allmerica as "SMA Life Assurance Company."

304, 308 (D. D.C. 1996); Cook v. United Service Auto. Association, 169 F.R.D. 359, 361-62 (D. Nev. 1996). Rhode Island state courts similarly follow the practice of severing bad faith claims and staying discovery on that issue. See Skaling v. Aetna Ins. Co., 799 A.2d 997, 1010 (R.I. 2002); Bartlett v. John Hancock Mutual Life Insurance Co., 538 A.2d 997, 1002 (R.I. 1988) (abrogated on other points of law in Skaling, 799 A.2d at 1007).

There are two overriding rationales for severing bad faith claims from contract claims – 1) avoidance of undue prejudice to the insurer and 2) promotion of judicial economy. See American National Red Cross, 924 F. Supp. at 308; Cook, 169 F.R.D. at 362; Skaling, 799 A.2d at 1010; Bartlett, 538 A.2d at 1002.

The Rhode Island Supreme Court recognized that an insurer would be prejudiced substantially if a bad faith claim were not severed from an underlying breach of contract claim. The potential for unfair prejudice arises from the insurer's qualified privilege in its claim file. The privilege may be broader with respect to the breach of contract claim than it is for a bad faith claim. Bartlett, 538 A.2d at 1001. As the court explained,

> "while the liability under the contract for insurance is still at issue, certain documents in [the insurer's] claim file are protected by the qualified privilege of Rule 26(b)(2) [of the Rhode Island Rules of Civil Procedure]. To grant total access to an insurer's claim file [before the contract claims are resolved] would irreparably prejudice the insurer's ability to defend itself on the contract." Id. at 999-1000.

This prejudice, the court recognized, can be avoided by severing the bad faith claim and staying discovery on that issue until the contract claim is resolved. Id. at 1002.

The second justification for severing arises from the fact that success of a bad faith claim depends largely on the outcome of the separate breach-of-contract claim. If the insured is unsuccessful in his or her contract claim, success of the bad faith claim is highly

improbable, if not impossible.[2] Indeed, the Rhode Island Supreme Court recently has explained that, under Rhode Island law, judgment in favor of an insurer on a breach-of-contract claim renders a bad faith claim moot. Hardguittini v. City of Providence, 837 A.2d 704, 705 n.1 (R.I. 2003).

Although state court practices regarding severance of claims are procedural matters not binding on federal courts, see Rosales v. Honda Motor Co., 726 F.2d 259, 260 (5th Cir. 1984), this Court should be particularly mindful of the substantive state laws that counsel in favor of severance of bad faith clams. As this case is based on diversity jurisdiction, "state law governs any issue of privilege." Command Trans., Inc. v. Y.S. Line (USA) Corp., 116 F.R.D. 94, 95 (D. Mass. 1987). See also Samuelson v. Susen, 576 F.2d 546, 550-51 (3d Cir. 1978). Therefore, severance of plaintiff's bad faith claim is an indispensable component of Allmerica's state-recognized qualified privilege in its claim file. See Skaling, 799 A.2d at 1003 (citing

---

[2] Though the Rhode Island Supreme Court has dispensed with the requirement that an insured obtain a judgment as a matter of law on its contract claim before pressing a bad-faith claim against an insurer, Skaling, 799 A.2d at 1006, it appears that the Rhode Island Supreme Court did not intend to negate the requirement that the insured at least prevail on its contract claim. In describing the inequities under a requirement that an insured first obtain a judgment as a matter of law, the court made the following observation.

> It makes little sense that an insurance company may deny a claim, assert a coverage issue in a reckless and oppressive fashion, fail to timely respond to its obligations, or otherwise behave in a manner inconsistent with its implied duties of fair dealing and be insulated from tort liability for its bad faith conduct because it fortuitously survives a motion for judgment as a matter of law, yet is ultimately found to have breached the insurance contract. Id. at 1005 (emphasis added).

This language indicates that if the insurer has not breached the insurance contract, the insured has no bad faith claim against the insurer. The court reinforced the necessity of a successful contract claim in Hardguittini, 837 A.2d at 705 n.1 when it stated "given our affirmance of the judgment in favor of [the insurer], the bad-faith claim is now moot." Therefore, as a matter of Rhode Island law, a bad faith claim unequivocally depends, at least, on a successful breach-of-contract claim.

Bartlett, 538 A.2d at 1001). Also, under Rhode Island law, a judgment in favor of Allmerica on the breach-of-contract claim would render plaintiff's bad faith claim moot. See Hardguittini, 837 A.2d at 705 n.1. Thus, severance of plaintiff's bad faith claim will protect Allmerica from undue prejudice.

Severing the bad faith claim and staying discovery on that issue will not cause an undue burden on the parties or this Court. Plaintiff has not served discovery on defendant. There are no motions currently pending that pertain to the bad faith claim. Separate discovery and litigation of the bad faith and contract claims will not require substantial additional effort. In fact, depending on the outcome of the contract claim, plaintiff's bad faith claim may be rendered superfluous. Severance and staying the discovery with respect to the bad faith claim will promote judicial economy.

For these reasons, Allmerica respectfully requests that this Court grant its motion to sever plaintiff's bad faith claim from plaintiff's remaining breach-of-contract claim and stay discovery on the bad faith claim until such time as the breach-of-contract claim is resolved.

Brooks R. Magratten, Esq., #3585
VETTER & WHITE
Attorneys for Defendant Allmerica
Financial Life Insurance & Annuity Co.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: March 16, 2005

CERTIFICATE OF SERVICE

To:

Jeffrey S. Perlow, Esq.
Moretti & Perlow Law Offices
1070 Reservoir Avenue
Cranston, Rhode Island 02910

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Defendant's Memorandum in Support of its Motion to Sever and Stay by mailing first class mail, postage prepaid, on the 16th day of March, 2005.

Melaine Gosetti

"A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| * * * * * * * * * * * | * CIVIL ACTION |
| KENNETH RUDMAN | * NO. 04-247 |
| | * |
| VS. | * JANUARY 21, 2005 |
| | * |
| INSURANCE COMPANY OF | * PROVIDENCE, RI |
| NORTH AMERICA | * |
| * * * * * * * * * * * | * |

HEARD BEFORE THE HONORABLE WILLIAM E. SMITH

DISTRICT JUDGE

(DEFENDANT'S MOTION TO SEVER AND STAY DISCOVERY)

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFF: | MARK B. MORSE, ESQ.<br>420 Angell Street<br>Providence, RI 02903<br>(401) 831-0555 |
| FOR THE DEFENDANT: | BROOKS R. MAGRATTEN, ESQ.<br>Vetter & White<br>20 Washington Place<br>Providence, RI 02903<br>(401) 421-3060 |
| Court Reporter: | Anne M. Clayton, RPR<br>One Exchange Terrace<br>Providence, RI 02903 |

proven. The third-party driver was never shown to be uninsured. So the case was just dismissed outright. So they never really reached the issue of severance. They just said that there was no reason to deal with it. Thank you.

THE COURT: Thank you. Mr. Magratten, do you want to add anything?

MR. MAGRATTEN: Just very briefly, your Honor. The second count for breach of contract is a bit baffling, the one about the process of administering a claim. Again, this is not an ERISA case. The usual federal requirements for administrative review are not present.

The plaintiff seems to be looking at the insurance contract and deriving from the insurance contract some standard for review of claim decisions. And so far, I'm mystified about where in the contract these obligations exist and where the breach is. That's all I have. Thank you.

THE COURT: Thank you. Well, I think that the procedure that's, in my view, adopted by Skaling and the rule from Bartlett is still good law. And I understand the little crack in the door that the State Supreme Court created in Footnote 7 of that decision.

And I think it's reasonable for plaintiffs to sort of kick at the door a little bit and see if you could get through it, but I don't see here a compelling reason to vary from that rule. And I do think it's been a practice here in this district generally, nothing formal, but a general practice to apply that rule and to sever these matters. Doesn't mean as the Footnote 7 in Skaling indicates, it doesn't mean it will always be that way or that there won't be a case which provides a more compelling reason for a bifurcated trial procedure as an alternative approach. But I guess I haven't heard anything here that really convinces me that this is that case.

So I'm going to follow the standard approach, and I am going to allow the severance in the stay of discovery. I'm going to grant the motion of the defendant in this case. If for some reason it becomes apparent that there's something more compelling than what I see now, plaintiff can always move to vacate that stay, and we'll deal with that if there's a reason to deal with it. But I think that that approach has worked effectively, and I really don't see a reason to vary from it.

Also, I think that we move things along pretty quickly here, and while I think plaintiff does make a point that this does contemplate at least the possibility of a separate jury, the trial aspect of that, I don't think it's too much of a burden on the jury or the Court to have to go through sort of the background of it again.

When we do have trials here, they move pretty quickly. So I'm not convinced that that economy is worth varying from the standard approach.

So I'm going to grant the motion. If you would -- we'll prepare an order from here. You don't have to prepare it. If there's nothing further, then that will be it.

MR. MAGRATTEN: Thank you, your Honor.

MR. MORSE: Thank you, your Honor.

THE COURT: Okay. Thank you.

(Court concluded at 2:35 p.m.)